1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                                  **DISTRICT OF NEVADA**

8

9

10   ROSALINDA M. ADDISON, et al.,              2:10-cv-1304-LDG-PAL

11            Plaintiffs,

12   v.                                          **ORDER REMANDING CASE TO**
                                                 **STATE COURT**
13   COUNTRYWIDE HOME LOANS, Inc., et al.,

14            Defendants.

15

16          Plaintiffs Rosalinda and Shawn Addison filed this action in the Eighth Judicial District

17   Court of Nevada seeking equitable relief and monetary damages in connection with the planned

18   non-judicial foreclosure sale of Plaintiffs' home residence.  Defendants subsequently removed the

19   case to federal court (#1).  The parties have since filed various motions, which the court will now

20   address.[1]

21

22

23   ─────────────────

24          [1] The following motions are presently before the court: Plaintiffs' Motion to Remand Case to
     State Court (#6, opposition #15, reply #21); BOA Defendants' Motion to Dismiss (#8, opposition #17,
25   reply #23); BOA Defendants' Motion to Strike Plaintiffs' First Amended Complaint (#22, opposition
     #27, reply #32); Plaintiffs' Motion to Amend Complaint (#28); Plaintiffs' Emergency Motion for a
26   Preliminary Injunction and to Shorten Time for Briefing and Issuance of an Order (#30 & #31,
     opposition #36 & #37, reply #38); and Defendant Vision Home Mortgage Co.'s Motion to Dismiss
     Under Rule 12(b)(6) or for More Definite Statement Under Rule 12(e) (#45).

# I. Background

Plaintiffs took out a mortgage on a personal residence located in Las Vegas in October 2004.  After receiving notification of a planned non-judicial foreclosure sale of Plaintiffs' residence in 2010, Plaintiffs filed suit in state court alleging that Defendants engaged in fraud, misrepresentation, conspiracy, and civil racketeering, and breached various other duties arising out of tort and contract.  On July 21, 2010, in light of the scheduled sale, the state court issued a temporary restraining order ("TRO") enjoining Defendants from taking any action until that court could conduct a preliminary injunction hearing on August 5, 2010.  On August 3, however, BOA Defendants, comprising all original Defendants except Fidelity, who had not been served by that date, removed this case to federal court.  The parties subsequently filed numerous motions, and this court extended the state court TRO until determination of Plaintiffs' motion for preliminary injunction (#39).

# II. Analysis

## A. Plaintiffs' Motion to Remand

Plaintiffs have moved to remand this action to state court.  "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper."  *Laughlin v. Midcountry Bank*, No. 3:10-CV-0294-LRH-VPC, 2010 WL 2681899, at *1 (D. Nev. July 2, 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) and *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996)).  Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979), and "the court resolves all ambiguity in favor of remand to state court," *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 102 F.2d at 566) (internal quotation marks omitted).  "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it, for 'removal is permissible only where original jurisdiction

exists at the time of removal or at the time of the entry of final judgment . . . .'" *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) (citing *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 44 (1998)).

Plaintiffs argue that this court lacks jurisdiction because not all Defendants joined in the notice of removal, because Plaintiffs' claims do not involve a federal question, and because complete diversity does not exist between the parties. Therefore, Plaintiffs argue, removal was improper, and the court should remand to state court. BOA Defendants, however, contend that removal was proper because only defendants who have been properly joined and served must join in notice of removal, Plaintiffs' claims involve federal questions, and Fidelity, the only non-diverse Defendant, was fraudulently joined. The court now turns to each of these arguments.[2]

**1. Notice**

Plaintiffs argue that removal was improper because Fidelity failed to join in the notice of removal. Generally, "all defendants must join in the notice of removal." *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900). However, as BOA Defendants correctly suggest, "[t]his general rule applies . . . only to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *see also Cwiak v. Scott*, Nos. CV 09-1858-PHX-MHM, CV 09-2686-PHX-MHM, 2010 WL 2743225, at *1 (D. Ariz. July 12, 2010) ("This general rule, however, applies only to defendants who were properly served in the state action, as the court has no jurisdiction over defendants who have not been

---

[2] Plaintiffs' reply in support of their motion to remand also presents arguments based on their Amended Complaint, filed after removal. Such post-removal developments are inapposite and do not have any bearing on the propriety of removal. *See, e.g.*, *Sparta Surgical Corp.*, 159 F.3d at 1213 (9th Cir. 1998) ("Finally, Sparta directs our attention to an amended complaint it filed after removal . . . This is of no moment to us, however, for jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.").

served.").  Therefore, because Plaintiffs failed to serve Fidelity at any time prior to removal, Fidelity need not have joined in the notice of removal.

### 2. Original Jurisdiction

Plaintiffs also argue that removal is improper because this court lacks original jurisdiction over their claims.  Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.,* 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998) (internal quotation marks omitted)).  Accordingly, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Philip Morris USA*, 582 F.3d at 1042 (citing 28 U.S.C. § 1441).

### a. Federal Question Jurisdiction

Plaintiffs argue that this case does not present a federal question because Nevada law creates each of Plaintiffs' causes of action.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A suit arises under the Constitution and laws of the United States only if the original statement of the plaintiff's cause of action shows that it is based on the Constitution or federal statutes. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908).

The existence of federal question jurisdiction is ordinarily determined from the face of the complaint. *Ultramar Am. Ltd. v. Dwelle,* 900 F.2d 1412, 1414 (9th Cir. 1990).  However, in addition to examining the literal language selected by the plaintiff, the court must analyze whether federal jurisdiction would exist under a properly pleaded complaint. *Easton v. Crossland Mortg.*

*Corp.,* 114 F.3d 979, 982 (9th Cir. 1997).  A plaintiff may not avoid federal jurisdiction by omitting from a complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law.  *Id.*  However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thomas,* 478 U.S. 804, 813 (1986).  "[O]riginal federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims . . . ." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (framing the essential question as: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities").

Although Plaintiffs' Complaint does not specifically reference any federal law, BOA Defendants nevertheless argue that this case presents a federal question because federal law constitutes essential elements of some of Plaintiffs' claims.  Plaintiffs' first cause of action alleges that all Defendants "committed fraud in direct violation of NRS 205.372."  *See* Compl. 13-14, ECF No. 1.  To prove a violation of § 205.372, Plaintiffs must establish that they constituted "Borrower[s]" pursuant to the Nevada Unfair Lending Practices Act, *see* Nev. Rev. Stat. § 205.372 6(c)1; *id.* § 598D.020, which requires them to establish that their debt constituted a mortgage for purposes of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602(aa), *see* Nev. Rev. Stat. § 598D.020; *id.* § 598D.040.[3]  *See* Compl. 12.  BOA Defendants, therefore, argue that because Plaintiffs must prove that their mortgage constituted a mortgage as defined by federal law, Plaintiffs' state law claims actually "arise under" federal law.

---

[3] In addition to § 205.372, Plaintiffs' Complaint also references § 598D.100 and § 598D.110, both of which similarly incorporate this same HOEPA definition.

5

Although the definition of "Participant" in § 205.372 indirectly incorporates HOEPA's definition of "Home Loan," such reference does not alone implicate substantial and disputed issues of federal law.  *See Hines v. Nat'l Default Servicing Corp.*, No. 3:10-cv-0674-LRH-VPC, 2010 WL 5239233, at *2 (D. Nev. Dec. 15, 2010) ("Although federal regulations are expressly noted in the Nevada statutes, these references only provide a framework for determining the types of claims that can be brought under the state statutes."); *see also Hill v. Marston*, 13 F.3d 1548, 1550-51 (11th Cir. 1994) ("[T]he only indication of the involvement of a specific federal law in the complaint is in connection with a state statutory section that incorporates a portion of the Securities Exchange Act of 1933 . . . The fact that part of the state statutory scheme requires some analysis of federal law, however, is insufficient to invoke federal jurisdiction.  Thus, the complaint alleges no claims 'arising under' federal law and removal was improper."); *Mackillop v. Parliament Coach Corp.*, No. 09-cv-1939-T-23TBM, 2009 WL 3430072, at *2 (M.D. Fla. Oct. 21, 2009) ("Even though the federal standard incorporated into [the Florida Deceptive and Unfair Trade Practices Act] requires an analysis of federal law, no substantial question of federal law exists."); *id.* ("No federal question jurisdiction exists by virtue of the plaintiff's bringing a claim under a section of the [Florida Deceptive and Unfair Trade Practices Act] that incorporates a federal standard.").  Furthermore, BOA Defendants have not demonstrated that success on Plaintiffs' causes of action *necessarily* implicate federal questions under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 *et seq.*, or the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.  See Martynov v. Countrywide Financial Corp.*, No. 2:09-cv-03596-GEB-GGH, 2010 WL 1644570, at *2 (E.D. Cal. Apr. 21, 2010).  Therefore, based on the foregoing, and especially in light of the relative burdens on a motion to remand, Plaintiffs' Complaint does not implicate substantial and disputed issues of federal law.

**b. Diversity Jurisdiction**

Plaintiffs also argue that the parties lack complete diversity of citizenship because Fidelity is a Nevada corporation. Generally, federal district courts have diversity jurisdiction "over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Philip Morris USA*, 582 F.3d at 1043 (citing 28 U.S.C. § 1332(a)). For purposes of diversity jurisdiction, a corporation is a citizen of any state in which it has been incorporated. 28 U.S.C. § 1332(a)(1).

Notwithstanding that Plaintiffs and Fidelity are citizens of Nevada, BOA Defendants nonetheless argue that diversity jurisdiction exists because Fidelity was "fraudulently joined." "Although an action may be removed to federal court only where there is complete diversity of citizenship, one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Philip Morris USA*, 582 F.3d at 1043 (internal citations and quotation marks omitted). A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Fraudulent joinder occurs when a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). Where a defendant has been fraudulently joined, the district court may ignore the presence of that defendant for the purpose of establishing diversity, *Philip Morris USA*, 582 F.3d at 1043, and dismiss any fraudulently joined defendants, *Isaacs v. Broido*, 358 Fed. App'x 874, 876-77 (9th Cir. 2009).

For the reasons elaborated in BOA Defendants' papers, Plaintiffs have failed to state a cause of action against Fidelity, and this failure is obvious according to the settled rules of the state. *See* Pet. for Removal 6-10, ECF No. 1 (excluding discussion regarding Count 9); Mot. to Dismiss 6-17, ECF No. 8; Defs.' Resp. in Opp'n to Pls.' Mot. to Remand 6-12, ECF No. 15. Furthermore, other courts have dismissed the very complaint proffered by Plaintiffs against

1   Fidelity in this case.  *See Josephson v. EMC Mortg. Corp.*, No. 2:10-CV-336 JCM (PAL), 2010

2   WL 4810715 (D. Nev. Nov. 19, 2010) (granting motion to dismiss on form complaint nearly

3   verbatim to Plaintiffs' complaint in this action); *Chavez v. Cal. Reconveyance Co.*, No. 2:10-CV-

4   00325-RLH-LRL, 2010 WL 2545006 (D. Nev. June 18, 2010) (same).  Thus, Fidelity's

5   "citizenship" is irrelevant for purposes of diversity jurisdiction, and removal was proper based

6   upon diversity jurisdiction.

7   **B. Plaintiffs' Amended Complaint**

8        Plaintiffs filed an amended complaint that substantially altered the claims against BOA

9   Defendants and named Vision Home Mortgage Company, a Nevada corporation, as an additional

10  defendant (#16).  Implicitly conceding that this action was properly removed on the basis of

11  diversity jurisdiction alone, BOA Defendants then sought to strike Plaintiffs' Amended Complaint

12  arguing that Plaintiffs must first seek leave and convince the court of the propriety of  "an

13  amendment which adds parties purely to destroy jurisdiction . . . ."  Mot. to Strike Pls.' First Am.

14  Compl. 1, ECF No. 22.  BOA Defendants subsequently withdrew their motion to strike Plaintiffs'

15  Amended Complaint and urged this court to consider their motion to dismiss in light of Plaintiffs'

16  Amended Complaint.  To do so, however, this court must have jurisdiction.

17        If a plaintiff wishes to join additional defendants whose joinder would destroy federal

18  diversity jurisdiction after removal from state court, the court may deny joinder, or permit joinder

19  and remand to state court.  *Graunstadt v. USS-Posco Indus.*, No. C 10-03225 SI, 2010 WL

20  3910145, at *2 (N.D. Cal. Oct. 5, 2010) (citing 28 U.S.C. § 1447(e)).  The decision to permit

21  joinder of a defendant that destroys diversity jurisdiction is left to the sound discretion of the

22  district court.  *See Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944, 949 (9th Cir. 2004);

23  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).  In exercising this discretion,

24  courts have generally considered the following factors, including: (1) whether the party sought to

25  be joined is needed for just adjudication and would be joined under Federal Rule of Civil

26

Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.  *See, e.g.*, *JSR Micro, Inc. v. QBE Ins. Corp.*, No. C 09-3044 PJH, 2010 WL 5211504, at *1 (N.D. Cal. Dec. 16, 2010).  Here, taking these considerations into account, the court finds that, on balance, joinder is appropriate under § 1447(e).  Plaintiffs' common law claims against Vision do not appear invalid.  Although BOA Defendants correctly note a 3-year statute of limitations for breach of fiduciary duty claims under Nevada law, *see Golden Nugget, Inc. v. Ham*, 646 P.2d 1221, 1223 (Nev. 1982), "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action," *see Siragusa v. Brown*, 971 P.2d 801, 806 (Nev. 1998) (quoting *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990)), and a plaintiff must prove, but need not plead, tolling facts, *see id.* at 806 n.6 ("In *Prescott v. United States,* 523 F. Supp. 918, 940-41 (D. Nev.1981), which we cite in *Petersen,* the federal court held: 'Plaintiff who relies upon this delayed discovery rule must plead facts justifying delayed accrual of his action. The complaint must allege: (1) the time and manner of discovery, and (2) the circumstances excusing delayed discovery.' We reject Brown's contention that appellants failed to satisfy the pleading requirements for a claim of delayed discovery. The express requirements of *Prescott* are not the law of Nevada."); *Allen v. Webb*, 485 P.2d 677, 682-83 (Nev. 1971) ("Respondent also urged below as a basis for its motion to dismiss that the Allens failed to plead their reasons for failing to assert this claim within the statutory period . . . Here, the Webbs described their fiduciary relationship with Title Insurance, described the acts and promises of Title Insurance and stated that they believed their interests and rights to be secure and that they had no reason to believe otherwise. To require more at the pleading stage would be akin to requiring them to show a negative-i.e., how notice was not brought to their attention . . . [T]he pleading must be

held to be sufficient."); *see also* Fed. R. Civ. P. 8(c)1 (listing statute of limitations as an affirmative defense); *Hinton v. Shaw Pittman Potts & Trowbridge*, 257 F. Supp. 2d 96, 98 n.2 (D.D.C. 2003) (noting that plaintiff was not required to state in the complaint that he was incarcerated, thus tolling statute of limitations, since statute of limitations is affirmative defense that must be pled by defendant).  Therefore, Plaintiffs' common law breach of fiduciary duty claim is not facially insufficient.  In light of this fact, although Plaintiffs obviously considered the jurisdictional ramifications of joining Vision, the court is not convinced that this was Plaintiffs' sole motivation for their Amended Complaint.  Although Vision is likely not an indispensable party to this litigation, Plaintiffs would no doubt suffer some prejudice by maintaining separate actions based upon the same overall fact situation.  Furthermore, BOA Defendants have withdrawn their opposition to Plaintiffs' Amended Complaint.  Therefore, in consideration of the foregoing factors, the court grants Plaintiffs' leave to amend their complaint.  Consequently, however, remand is mandatary under 28 U.S.C. 1447(e).

### III. Conclusion

For the reasons stated above,

THE COURT HEREBY ORDERS that BOA Defendants' Motion to Strike Plaintiffs' First Amended Complaint (#22) is DENIED as moot following BOA Defendants' voluntary withdrawal of this motion.

THE COURT FURTHER ORDERS that Plaintiffs' Motion to Amend Complaint (#28) is GRANTED.

THE COURT FURTHER ORDERS that this case is remanded to state court pursuant to 28 U.S.C. 1447(e).

Dated this ____ day of January, 2010.

_____
Lloyd D. George
United States District Judge

10